WILLIAM P. VAN RENSSELAER, Respondent, *v.* WILLIAM WITBECK, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, JULY, 1870.)

Two justices of the General Term may hold a term and hear and decide an appeal in which the remaining justice is incompetent to sit.

And, it seems, in the absence of the presiding justice, the two associate justices may hold a General Term.

And that unless there is a failure to agree upon a decision of the appeal by two appellate justices in the department where the judgment or order appealed from is entered, there is no authority for a hearing of the appeal in any other department.

A few days after the sheriff had executed an *alias* execution upon a judgment for possession of real property, the defendant therein regained possession; and the *alias* writ being unreturned, the plaintiff, on its return day, upon order to show cause, obtained an order for a *pluries* execution on the judgment.—*Held*, on appeal, that the writ was properly allowed.

It seems that it would have been otherwise if the *alias* writ had been returned satisfied.

After six months are elapsed from the delivery of possession of demised premises, under an execution upon a judgment in ejectment in favor of the landlord, the tenant's right of redemption under the statute (2 R. S., 506, § 33) cannot be revived by the issuing of a new writ upon the judgment made necessary by his unlawfully re-entering upon the premises.

And it seems that the tenant cannot enlarge the time allowed him for redemp

tion under the statute (id.), by wrongfully retaking possession before the original execution runs out, and thus rendering its execution incomplete.

The provisions of the article of the Revised Statutes, entitled " Of the recovery of possession of demised premises for non-payment of rent, by ejectment," are applicable to the so-called manor leases.

Nor is the relief upon judgment in ejectment upon such leases, limited at common law to a right to hold possession of the land for time sufficient to satisfy the rent in arrear, costs, etc.

THIS was an appeal from an order for a *pluries* execution, granted upon motion at Special Term, upon an order to show cause.    The facts are stated in the opinion of the court.

*R. A. Parmenter,* for the appellant.

*Samuel Hand,* for the respondent.

Present—POTTER and PARKER, JJ.

By the Court—PARKER, J.    This is an appeal from an order made at Special Term, held by Mr. Justice MILLER, on the 29th day of March, 1870, at the city hall, in the city of Albany, authorizing the issuing of a *pluries* execution to the sheriff of the county of Rensselaer, commanding him to deliver the possession of the premises described in the complaint and judgment in the action, to the plaintiff.

The appeal having been noticed for argument at the General Term of the third department, held on the first Tuesday of July, 1870, at Plattsburgh, in the county of Clinton, and the argument thereof being moved, Mr. Justice MILLER being the presiding justice of such General Term and in attendance thereat, and being incompetent to sit in review of the decision so made by him at Special Term, retired from the bench, leaving the two associate justices only, to hold the General Term and hear the said appeal.    The defendant's counsel therefore objected, that a General Term could not be held by two justices, and that he ought not to be compelled to argue his said appeal before said two associate justices as constituting the General Term.    Pursuant to their suggestion, that his

objection would be examined with the main question, and that he might proceed provisionally to the argument, both the preliminary and main questions were argued together.

The first question to be decided is, whether two justices of the General Term can hold a term and hear a case in which the other justice is incompetent to sit.

Section 8 of the judiciary article of the Constitution provides that no justice shall sit at a General Term in review of a decision made by him, or by any court of which he was at the time a sitting member.

By section 7 of said article it is provided, that the General Term shall consist of a presiding justice and *not more* than three other justices. The Constitution contains no prohibition against constituting a General Term of two justices. The act of April 27, 1870, relating to the Supreme Court (chap. 408, Sess. Laws of 1870) does not in terms require the presence of three justices to hold a General Term.

Section 3 of that act requires the governor to designate a presiding justice and two associate justices for such department, to compose the General Term therein, and then, in section 4, it is provided as follows: " In case no presiding justice shall be present at the time and place appointed for holding a General Term, the associate justice present having the shortest time to serve shall *act as presiding justice* until the presiding justice shall attend." Here is a very distinct authority for the holding of the General Term by the two associate justices in the absence of the presiding justice.

Section 6 requires the concurrence of two justices to pronounce a decision, and then provides that "if two shall not concur, a reargument may be ordered. In case of such disagreement *when any one of the three justices shall not be qualified to sit*, the cause may be directed to be heard in another department." This provision clearly implies the right of the two justices not disqualified to sit, to hear and decide the case. They must sit and hear it, before there can be the disagreement mentioned. Of course, they hold the General Term in so doing, and can decide the cause; and in case they

Van Rensselaer *v.* Witbeck.

do not concur in a decision, they may direct it to be heard *in another department.* There is no provision for such direction when the General Term is held by three justices.

Again, in section 10, is this provision: " All appeals and other matters proper to be brought before any General Term shall be heard and determined in the department in which the judgment or order appealed from shall be entered, or in which the matter brought up arose, *unless two of the General Term justices in such department, shall be incapable of sitting on the appeal or acting in the matter;* in which case the appeal or other matter shall be ordered to be heard in some other department." Here, also, the authority of two justices to sit and hear the appeal is recognized and implied. The appeal or other matter is to be heard in the department where it belongs, unless two of the General Term justices of that department are disqualified. If only one is disqualified, it is not to be sent from the department, but to be heard in it by the other two.

From all these provisions of the statute it is clear, that this appeal from the decision made by the presiding justice of this department, when sitting in Special Term, can be heard and decided in the department by the two associate justices thereof, and cannot in the first instance, nor until a disagreement shall have occurred between such two associate justices be heard in any other department.

The question presented upon this appeal, arises in an action of ejectment to recover premises held by the defendant under a grant in fee reserving rent, for non-payment of such rent.

Judgment was obtained by the plaintiff for the recovery of the premises, on the 17th of July, 1863. On the 10th of May, 1867, an execution for the delivery of possession of the premises to the plaintiff was issued to the sheriff of the county of Rensselaer, and was executed by him, by putting the plaintiff in possession. Afterward, the plaintiff, upon motion on due notice to the defendant, obtained an order at Special Term for an *alias* execution, which was issued on the

26th day of July, 1869, to the sheriff of said county of Rensselaer, who on the same day executed the same, by putting plaintiff in possession of said premises. Almost immediately thereafter, and prior to the 26th day of July, aforesaid, the defendant regained possession from the agent, who was left in possession by the plaintiff, and thereupon the sheriff, by his deputy, on the 26th day of July, aforesaid, by virtue of the authority of said execution, attempted again to put the plaintiff in possession; but said deputy was violently resisted, and prevented from so doing by the defendant, and others, his aiders and abettors, and was in making such attempt, mortally wounded, and has since died from the effects of the wound then received, and the defendant was in consequence left in possession. There is no pretence that the *alias* writ has been returned.

In September, 1869, the defendant tendered to the plaintiff's attorney, all the rent due and payable under the original indenture, and all costs and charges incurred by the plaintiff, which had not theretofore been paid, in order to redeem said premises from said judgment, and to entitle him to hold and possess the same, according to the terms of said original indenture, which offer was refused by the attorney.

After the return day of the *alias* execution, and after such offer and refusal, an order was obtained by the plaintiff, requiring the defendant to show cause at a Special Term named, why a *pluries* execution should not issue. The Special Term, at the return day of the order, granted the plaintiff's motion for a *pluries* execution, and from the order granting such motion this appeal is taken. All that appears in the case, in regard to the execution of the first writ of possession is material to the question before us only so far as it bears upon the sufficiency of the redemption claimed by the defendant. We cannot, upon this appeal, examine into correctness of the order allowing the *alias* execution, but must assume, as the Special Term was bound to assume, that it was properly made, and that the *alias* was properly issued. This execution, for the purposes of the question before us,

was the first one in the case. It has not been returned, and though executed on the 20th of July, the day of its issue, by putting plaintiff in possession, previous to the 26th of the same month, the defendant had entered again upon the plaintiff's possession without his consent, and was forcibly keeping him out.

Under the practice before the Code, there is no doubt that, in such a case, a new *habere facias possessionem* would have been granted. In *Jackson* v. *Stiles* (9 J. R., 391), a writ of *habere facias possessionem* was issued on a judgment in ejectment, returnable in February, 1811, which was executed but never returned. In May, 1812, the plaintiff obtained a rule of the court granting leave to issue another *habere facias possessionem* on the same judgment, the tenants having in the meantime retaken possession of the premises. On motion to vacate the rule and set aside the writ, it was held that the practice was correct. The court says : " The facts stated show that the party has never had the full fruit of his judgment and justice, and equity require that he should have it."

In *Jackson* v. *Hawley* (11 Wend., 182), it was held, that when, in ejectment, a writ of *habere facias possessionem* had been executed by putting the plaintiff into possession of the premises claimed, and the plaintiff, after remaining in possession four or five days, was dispossesed by a person claiming under the defendant's title, an *alias* would be awarded, although the return day of the first writ had not arrived.

There would seem to be less reason for granting the *alias* in such case, than where the return day of the writ has passed, for, in accordance with the reasoning of the court in the case, it might well have been objected, that, until the return day of the writ it might be used to restore the plaintiff to the possession. But after the return day and before the return of the writ to the clerk's office no reason appears against the propriety of the *alias*. If the writ has been returned satisfied, that would be a reason for refusing a new writ, while such return should stand upon the record. But when there is, in fact, no satisfaction and no return on file, and the party has

never had the full fruit of his judgment, as was said by the court in *Jackson* v. *Stiles* (*supra*), justice and equity require that he should have it.   True, SAVAGE, Ch. J., in *Jackson* v. *Hawley*, cites the case of *Doe* v. *Roe* (1 Taunt., 55), where the court held that an *alias* could issue *after a writ executed.* But he went on to say in respect to it: " This last case is certainly not obligatory upon us, and all the older cases argue that where the entry upon the plaintiff is before the return of the writ, and such entry is by the tenant or under his title, the plaintiff is entitled to a new writ."

The learned chief justice is fully sustained by the " older cases" cited by plaintiff's counsel. (See *Radcliffe* v. *Tate*, 1 Keb., 776; *Devereaux* v. *Underhill*, 2 id., 245; *Pierson* v. *Taverner*, 1 Koll's Rep., 353; *Molineux* v. *Fulham*, Palmer's Rep., 289.)

There is no specific provision in the Code authorizing or denying a new execution in a case like this; but by section 469, the practice of the courts, not inconsistent with the provisions of the Code, is continued in force.   The practice sanctioned by the cases of *Jackson* v. *Stiles* and *Jackson* v. *Hawley* above referred to, is not inconsistent with any provision of the Code, but entirely consistent with its spirit and applicable in practice to its requirements; and every reason, both on principle and authority, is in favor of its continuance.

The defendant's counsel raises another question upon the fact of defendant's offer in September, 1869, to pay the plaintiff all the rent due under the original indenture, and all costs and charges incurred by him, claiming that he was within the statute authorizing a redemption from the judgment by such payment within six months after writ of possession executed.   (2 R. S., 506, § 33, 1st ed.)

The section is as follows: " At any time within six months after possession of the demised premises shall have been taken by the landlord under any execution issued upon a judgment obtained by him in any such action of ejectment, the lessee of such demised premises, his assignees or personal representatives may pay or tender to the lessor, his personal repre-

sentatives or attorney all the rent in arrear at the time of such payment, and all costs and charges incurred by the lessor; and in such case all further proceedings in said cause shall cease, and such premises shall be restored to the lessee, who shall hold and enjoy the demised premises without any new lease thereof, according to the terms of the original demise."

It appears in the case, and is claimed by both parties, that the first writ of possession was executed by delivering possession of the premises recovered to the plaintiff on the 10th day of May, 1867, and that he, by his tenant at will, remained in possession until April, 1868. The six months given to the defendant by the statute in which to redeem by paying the rent in arrear and the costs, began on the 10th day of May, 1867, and had expired before the tender was made. True, it is on the ground that the execution of the writ had become incomplete, by the subsequent action of the defendant, that a new writ is allowable, but it does not lie with the defendant to claim an extension of the time allowed him for redemption, arising from his wrongful act in entering upon the plaintiff's possession without his consent. Indeed, in this case, the plaintiff remained in possession from the 10th day of May, 1867, to April, 1868, so that the six months had already expired before the defendant's re-entry. Clearly, he does not bring himself within the protection of the statute.

The claim by the defendant's counsel, that because the rent in this case is a *rent charge*, and not *rent service*, a different rule applies, and the landlord's judgment entitles him to hold possession only long enough to satisfy the rent in arrear and the costs, cannot be sustained. The paragraph in Cruise's Digest, upon which he founds this claim, has no application to the case (3 Cruise, 331, § 76), and besides it cannot now be doubted that the provisions of the article of the Revised Statutes entitled "Of the recovery of possession of demised premises for non-payment of rent, by ejectment" (2 R. S., 505, 508, 1st ed.), apply to these leases in fee, or manor leases, as they have been called.

The thirty-fourth section of that article provides, that "in

case the said rent and arrears and full costs shall remain unpaid for six months after the execution issued upon any judgment in ejectment shall have been executed, the lessee and his assigns    *    *    shall be barred and foreclosed from all relief or remedy in law or equity (except for any error in the record or proceedings), and the said lessor or landlord *shall from thenceforth hold* the said demised premises free and discharged from such lease or demise."

The judgment gave the plaintiff the absolute possession of the premises, without the limitation claimed by the defendant. For this reason, also, the claim is inadmissible to prevent a full execution of the judgment.

The order appealed from must be affirmed, with ten dollars costs.